## WILSON *versus* HOBBS.

Whether a writ has been indorsed, must be determined by an inspection of the writ itself, if to be found.

In a suit against one as indorser of a writ, the docket entry, together with the extended record of the original action, both stating that the defendant indorsed the writ, is not sufficient evidence of that fact.

SUIT against the defendant, as indorser of a writ, brought

by one Taylor against this plaintiff, upon which costs had been recovered against Taylor. The officer's return upon the execution proved the avoidance and the inability of Taylor.

The plaintiff introduced, though objected to, the docket entry and the record of the suit, *Taylor* v. *Wilson*, by both of which it appeared that Hobbs had indorsed said writ. The writ itself, introduced by the plaintiff, showed the name, not of the defendant, but of another person, as indorser.

The clerk of the court then testified for the plaintiff, that a new indorser on the writ, *Taylor* v. *Wilson*, had been ordered by the court, and that, immediately, before the cause was opened to the jury, Mr. Hobbs said he would become the indorser, and that thereupon he, the clerk, made the entry upon the docket, without any special order so to do.

*Wilson*, for the plaintiff.

*Hobbs*, for the defendant.

TENNEY, J. — The indorsement of a writ, when required, must be made before the entry of the action in court. R. S. chap. 114, sect. 16. Whether it was indorsed or not, must be determined by inspection of the writ itself, if it is to be found. If pending any suit, the indorser should, in the opinion of the court, be insufficient, they may require that a new indorser should be furnished, who is sufficient. If the order of court, that a new indorser should be furnished within the time given, is not complied with, the suit is to be dismissed with costs for the defendant. R. S. chap. 114, sect. 20. The evidence that the new indorser has put his name upon the writ, must be the same as that of the original indorsement. The proceedings of the court on the question, whether a new indorser should be ordered or not, should be recorded. But it is not important that the fact, that the indorser who was offered and deemed sufficient, has actually made the indorsement upon the writ, should be made a subject of record. A time may be given by the court, extending beyond the adjournment of the term without day, in which it may be done; and the indorsement may be made out of court, and when the

clerk or court may have no knowledge of it, and if made, is effectual. A record of this fact, not being necessary for its validity, the statement of it upon the record book is not that high species of proof, which is understood in its technical sense to be record evidence, and such as is conclusive, not subject to explanation or contradiction. The party sought to be charged as an indorser, notwithstanding this statement, is allowed to require proof by inspection of the writ itself, that his name is upon the writ, and if it purports to be there, that it is his genuine signature, or authorized by him.

In this case, the writ being introduced by the plaintiff, was found not to have the indorsement of the defendant upon it, but that of the original indorser, and the action is not maintainable.          *Judgment for the defendant, for his costs.*